# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANA MEDEMA, BRENDA GRANADOS, and BLAIRE GILOMEN, individually and on behalf of all others similarly situated., | )<br>)<br>)<br>)<br>)<br>) | No. 25-cv-7768<br><br>Judge Franklin Valderrama<br>Magistrate Judge Laura K. McNally |
| Plaintiffs | )<br>) | |
| v. | )<br>) | |
| NUNA BABY ESSENTIALS, INC., | )<br>) | |
| Defendant. | ) | |

**ORDER**

On January 29, 2026, Defendant moved to compel Plaintiff to present her car seat during her upcoming February 4, 2026 video deposition and perform non-destructive testing on the seat on camera. [Dkt. 46.] Later that same day, this Court denied Defendant's motion because Defendant "cited no authority for requiring a party to perform testing on an exhibit during a deposition." [Dkt. 47.] The Court explained that Rule 34(a)(1)(B) contemplates the production of tangible items for inspection and testing, but it does not require that testing to be completed by the opposing party. Instead, the rule references inspection and testing by "the requesting party or its representative."

On February 2, 2026, Defendant moved for reconsideration of the Court's order. [Dkt. 48.] In its motion, Defendant argues in addition to Rule 34, Fed.R.Civ.P. 30(c)(1) applies and allows examination of a deponent to proceed as it would at trial under the Federal Rules of Evidence. (Mot. at 2.) Defendant cites case law it contends supports allowing a witness in a products liability case to interact with the product at deposition and

demonstrate their use or handling of the product for purpose of explaining facts to the jury. (*Id.*)

Defendant's motion for reconsideration is denied. First, as Plaintiffs point out in their opposition to the motion [Dkt. 53], Plaintiff's deposition took place as scheduled on February 4, 2026, without Defendant offering any objection or reservation of its right to keep the deposition open pending ruling from the Court. There is no longer a dispute for the Court to adjudicate, and thus Defendant's motion is moot.

Even if Defendant's motion were not moot, its motion for reconsideration does not support its request to have Plaintiff perform a "pull test" on the harness on her car seat. As Plaintiffs point out, Plaintiff's use and performance of the harness pull-test are not elements of her claim. Defendant has already conceded the defective nature of the car seats – including Plaintiff's; Plaintiff's claim asserts economic injuries due to Defendant's alleged misrepresentations regarding the defect. Defendant offers no reasons why Plaintiff's demonstration is relevant to her claims.

The cases Defendant cites are distinguishable. While they all concern products liability actions, the requested demonstrations sought to record the witness' interaction with the product to show how it caused injury or was otherwise defective. *See, e.g., Gillen v. Nissan Motor Corp. in U.S.A.*, 156 F.R.D. 120, 121 (E.D. Pa. 1994) (Plaintiff ordered to demonstrate use of his automobile seatbelt alleged to have locking defect); *Bassily v. Louisville Ladder Inc.*, No. 2:20-CV-01120-BHH, 2021 WL 5332513, at *1 (D.S.C. Mar. 30, 2021) (Plaintiff ordered to re-enact his alleged interaction with exemplar ladder that gave rise to his injuries); *Brown v. Gen. Instrument Corp.*, No. 93 CIV. 7907 (KMW), 1995 WL 244946, at *1 (S.D.N.Y. Apr. 26, 1995) (Plaintiffs ordered to demonstrate their operation of betting ticket machines that are alleged to have caused repetitive motion injuries.)

Because Plaintiff alleges no injury related to the defective car seat harness and Defendant concedes the defect, the Court sees no relevance proportional to the needs of the case to having Plaintiff perform a pull-test on video. To the extent a jury would need to view a pull-test for clarity at trial, Plaintiff represents that Defendant already possesses hundreds of videos of consumers demonstrating the test. (Pl. Mem. in Opposition at 2.) Therefore, Defendant's motion for reconsideration is denied.

**SO ORDERED.**

ENTER:

*Laura K. McNally*

**LAURA K. MCNALLY**
**United States Magistrate Judge**

**DATED: February 12, 2026**