**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MIRZA BAIG, individually and on behalf of all others similarly situated, | : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION |
| NUNA BABY ESSENTIALS, INC., | : | No.:  5:25-cv-03327-JLS |
| Defendant. | : : | |
| | : : | **DEFENDANT NUNA BABY ESSENTIALS, INC.'S ANSWER TO CLASS ACTION COMPLAINT WITH AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** |

Nuna Baby Essentials, Inc. ("Defendant" or "Nuna") hereby answers Plaintiff Mirza Baig's Complaint.  Defendant's responses are made without waiving, and expressly reserving, all rights and defenses Defendant has to some or all of the claims asserted in the Complaint.

**INTRODUCTION**

1. It is admitted that Nuna marketed and distributed RAVA brand car seats. The remaining allegations in this paragraph are denied.

2. Nuna admits only that its website at various points in time contains various statements about its products, which speaks dor themselves. Nuna otherwise denies that the statements quoted herein were quoted fully or in context and therefore denies the remaining allegations in this paragraph.

3. Nuna admits that the RAVA car seat commands a price, which in some instances is within the price alleged. Nuna denies the remaining allegations contained in this paragraph as characterizations offered without definition or context.

56538679.v1

4. Admitted in part, denied in part. Allegations concerning the standards for safety of car seats are denied as a conclusion of law to which no response is required. Nuna also specifically denies the allegation that there was not a cover over the front harness adjuster button as there was a plastic cover over this portion of the product. By way of further response, Nuna admits that, as with other such products in the industry, the potential exists in some circumstances for debris to enter the area where RAVA's front harness button is located and potentially affect clamping of the teeth of the adjuster mechanism, and that a remedy kit was offered and implemented as part of a NHTSA-negotiated plan addresses this particular scenario with respect to RAVA seats made between July 16, 2016 and October 25, 2023. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations, which incompletely and misleadingly discusses this scenario, and on that basis denies the remaining allegations contained in this paragraph.

5. Nuna denies the existence of a "dangerous Defect" as a conclusion of law to which no responsive pleading is required. By way of further response, Nuna lacks sufficient information to admit or deny the remaining allegations in this paragraph.

6. Nuna denies the existence of a "dangerous Defect" as a conclusion of law to which no responsive pleading is required. By way of further response, Nuna lacks sufficient information to admit or deny the allegations in this paragraph concerning consumer knowledge or beliefs. The remaining allegations of this paragraph are denied.

7. Nuna admits only that its website at various points in time contains various statements about its products, which speak for themselves. Nuna otherwise denies that the statements quoted herein were quoted fully or in context and therefore denies the remaining allegations of this paragraph.

8. Nuna lacks sufficient information to admit or deny the allegations in this paragraph concerning consumer knowledge or beliefs. The remaining allegations of this paragraph are denied.

9. Nuna admits only that it initiated a voluntary recall of certain RAVA car seats for the reasons described in the Recall Notice, referenced in the footnote to this paragraph. The remaining allegations of this paragraph are denied.

10. Nuna lacks sufficient information to admit or deny the allegations in this paragraph concerning consumer knowledge, actions or beliefs. The remaining allegations of this paragraph are denied.

11. Nuna admits only that notice of the Recall (which included an offer to provide a free Remedy Kit) was publicized nationally and in conjunction with NHTSA, and written notice was mailed to owners who had registered their product. Nuna further admits it offered and sent a Remedy Kit to owners who provide their current address to Nuna. The remaining allegations of this paragraph are denied.

## PARTIES

12. Defendant admits that Plaintiff purports to reside as alleged and otherwise lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and leaves Plaintiff to his proofs.

13. Defendant admits that Plaintiff purports to the purchases as alleged and otherwise lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and leaves Plaintiff to his proofs.

14. It is admitted only that Nuna has a principal place of business located at 70 Thousand Oak Blvd, Morgantown, PA 19543-8878. The remaining allegations in this paragraph are denied.

## JURISDICTION AND VENUE

15. This paragraph states legal conclusions to which no responses are required.  Nuna admits only that it has "transacted business and affairs in California." The remaining factual allegations in this paragraph are denied.

16. This paragraph states legal conclusions to which no responses are required. The remaining factual allegations in this paragraph are denied.

## FACTUAL ALLEGATIONS

17. Nuna admits only that it markets and sells RAVA car seats at multiple vendors throughout the United States and commands a price, which in some instances is within the range alleged. Defendant denies the remaining allegations contained in this paragraph as characterizations offered without definition or context.

18. Nuna admits only that its website at various points in time contains various statements about its products, which speak for themselves.  Nuna otherwise denies that the statements quoted herein were quoted fully or in context and therefore denies the remaining allegations of this paragraph.

19. Nuna admits only that its website at various points in time contains various statements about its products, which speak for themselves.  Nuna otherwise denies that the statements quoted herein were quoted accurately, fully or in context and therefore denies the remaining allegations of this paragraph.

20. Nuna admits only that its website at various points in time contains various statements about its products, which speak for themselves.  Nuna otherwise denies that the statements quoted herein were quoted fully or in context and therefore denies the remaining allegations of this paragraph.

56538679.v1

21. Nuna admits only that its website at various points in time contains various statements about its products, which speaks for themselves.  Nuna otherwise denies that the statements quoted herein were quoted fully or in context and therefore denies the remaining allegations of this paragraph.

22. Nuna admits that the RAVA car seat was advertised. The remaining allegations in this paragraph are denied.

23. Nuna admits only that its website at various points in time contains various statements about its products, which speak for themselves.  Nuna otherwise denies that the statements quoted herein were quoted fully or in context and therefore denies the remaining allegations of this paragraph.

24. Denied.  This paragraph states legal conclusions to which no responses are required.

25. Nuna admits generally that a recall was instituted but denies the accuracy of the dates cited in this paragraph without further context provided.

26. Nuna admits only that the recall notice contains various statements about its products, which speak for themselves.  Nuna otherwise denies that the statements quoted herein were quoted fully or in context and therefore denies the remaining allegations of this paragraph.

27. Nuna denies the allegations alleging as defect as a conclusion of law to which no responsive pleading is required.  By way of further response, Nuna admits only that the recall notice contains various statements about the subject RAVA car seat, which speaks for themselves.  Nuna otherwise denies that the statements quoted herein were quoted fully or in context and therefore denies the remaining allegations of this paragraph.

56538679.v1

28. Nuna admits that its Recall notice provided various instructions and recommendations to consumers, which speak for themselves. Nuna otherwise denies that the statements quoted herein were quoted fully or in context and therefore denies the remaining allegations of this paragraph.

29. Denied as a conclusion of law to which no responsive pleading is required. By way of further response, Nuna also specifically denies the allegation that there was not a cover over the front harness adjuster button as there was a plastic cover over this portion of the product. Nuna admits only that the recall notice contains various instructions and recommendations to consumers, which speak for themselves. Nuna otherwise denies that the statements quoted herein were quoted fully or in context and therefore denies the remaining allegations of this paragraph.

30. Denied as a conclusion of law to which no responsive pleading is required.

31. Denied as a conclusion of law to which no responsive pleading is required.

32. Nuna lacks sufficient information to admit or deny the accuracy of the quotes attributed to the author in this paragraph and therefore denies that the statements quoted herein were quoted fully or in context.

33. Nuna lacks sufficient information to admit or deny the accuracy of the quotes attributed to the author in this paragraph and therefore denies that the statements quoted herein were quoted fully or in context.

34. Nuna admits only that consumer comments are posted on NHSTA's website, which speak for themselves. Nuna otherwise denies that the statements quoted herein are quoted fully or in context and therefore denies the remaining allegations of this paragraph.

35. Nuna admits only that consumer comments are posted on NHSTA's website, which speak for themselves. Nuna otherwise denies that the statements quoted herein are quoted fully or in context and therefore denies the remaining allegations of this paragraph.

36. Nuna admits only that consumer comments are posted on NHSTA's website, which speak for themselves. Nuna otherwise denies that the statements quoted herein are quoted fully or in context and therefore denies the remaining allegations of this paragraph.

37. Denied. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

38. It is admitted only that a subsequent refresh for the RAVA car seat was developed by Nuna. The remaining averments in this paragraph are denied.

39. Denied as a conclusion of law to which no responsive pleading is required.

40. Denied as a conclusion of law to which no responsive pleading is required.

41. Denied as a conclusion of law to which no responsive pleading is required.

42. Denied as a conclusion of law to which no responsive pleading is required.

43. Denied as a conclusion of law to which no responsive pleading is required.

44. Denied as a conclusion of law to which no responsive pleading is required.

45. Denied as a conclusion of law to which no responsive pleading is required.

46. Denied as a conclusion of law to which no responsive pleading is required.

47. Denied as a conclusion of law to which no responsive pleading is required.

48. Denied as a conclusion of law to which no responsive pleading is required.

49. Denied as a conclusion of law to which no responsive pleading is required.

50. Denied as a conclusion of law to which no responsive pleading is required.

51. Denied as a conclusion of law to which no responsive pleading is required.

52. Denied as a conclusion of law to which no responsive pleading is required.

53. Denied as a conclusion of law to which no responsive pleading is required.

54. Denied as a conclusion of law to which no responsive pleading is required.

56538679.v1

55. Denied as a conclusion of law to which no responsive pleading is required.

56. Denied as a conclusion of law to which no responsive pleading is required.

57. Denied as a conclusion of law to which no responsive pleading is required.

58. Denied as stated.

59. Denied as a conclusion of law to which no responsive pleading is required. The factual assertions of this paragraph are denied.

60. Denied as a conclusion of law to which no responsive pleading is required. The factual assertions of this paragraph are denied.

## PLAINTIFF'S ALLEGATIONS

61. Nuna admits that Plaintiff purports to reside as alleged and otherwise lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and leaves Plaintiff to his proofs.

62. Nuna lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

63. Nuna lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning the serial numbers of his car seats and date of manufacture, and leaves Plaintiff to his proofs. The remaining allegations of this paragraph are denied.

64. Nuna lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

65. Nuna lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning Plaintiff's knowledge and leaves Plaintiff to his proofs. The remaining allegations of this paragraph are denied.

66. Nuna lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and leaves Plaintiff to his proofs.

67. Nuna lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and leaves Plaintiff to his proofs.

68. Nuna lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and leaves Plaintiff to his proofs.

69. Nuna denies making any false or misleading statements and lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph concerning Plaintiff's motives, beliefs or understandings concerning his decision to purchase his car seat, and leaves Plaintiff to his proofs.

70. Denied.

71. Denied as a conclusion of law to which no responsive pleading is required. By way of further response, Nuna lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and leaves Plaintiff to his proofs.

72. Nuna lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and leaves Plaintiff to his proofs.

73. Denied.

74. Nuna denies that Plaintiff completed the online form for the Recall.  Nuna lacks sufficient information as to what Plaintiff knew about the contents of the Remedy Kit. The remaining allegations of this paragraph are denied.

75. Denied.

76. Nuna denies that Plaintiff completed the online form requesting a Remedy Kit but lacks sufficient information as to the remaining allegations of this paragraph.

77. Denied.

## TOLLING

78. Denied as a conclusion of law to which no responsive pleading is required. The remaining allegations of this paragraph are denied.

79. Denied as a conclusion of law to which no responsive pleading is required. The remaining allegations of this paragraph are denied.

80. Denied as a conclusion of law to which no responsive pleading is required. The remaining allegations of this paragraph are denied.

81. Nuna admits only that a refreshed version of the RAVA Car Seat was available in or about October 25, 2023 that included a cloth cover over the front harness button.  The remaining allegations of this paragraph contain conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

82. Nuna admits only that a recall was announced on or about December 2024. The remaining allegations of this paragraph contain conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

83. Denied.

84. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

85. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

86. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

87. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

88. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

89. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

90. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

91. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

92. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

## CLASS ALLEGATIONS

93. Defendant admits that the Complaint as filed by Plaintiff seeks certification of a class as set forth in the Complaint and denies that such a class may be certified.

94. Denied as a conclusion of law to which no responsive pleading required. To the extent any such allegation requires a response, it is denied.

95. Denied as a conclusion of law to which no responsive pleading required. To the extent any such allegation requires a response, it is denied.

96. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

97. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

98. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

99. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

100. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

101. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

102. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

**COUNT I**
**Pennsylvania Unfair Trade Practices and Consumer Protection Law**
**73 Pa. Cons. Stat. §§ 201-2 & 201-3,** *et seq.*
**(on behalf of Plaintiff and a Nationwide Class)**

103. Nuna hereby incorporates its responses to paragraph 1-102 as though same were fully incorporated herein.

104. Defendant admits that the Complaint as filed by Plaintiff seeks certification of a class as set forth in the Complaint, and denies that such a class may be certified.

105. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

106. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

107. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

108. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

## COUNT II
### Breach of the Implied Warranty of Merchantability
### (on behalf of Plaintiff and a Nationwide Class)

114. Nuna hereby incorporates its responses to paragraph 1-113 as though same were fully incorporated herein.

115. Defendant admits that the Complaint as filed by Plaintiff seeks certification of a class as set forth in the Complaint, and denies that such a class may be certified.

116. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

117. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

118. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

119. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

120. Denied.

56538679.v1

121. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

122. Denied.

123. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

124. Denied.

125. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

## COUNT III
### Breach of Express Warranty
### (on behalf of Plaintiff and a Nationwide Class)

126. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

127. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

128. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

129. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

130. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

131. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

56538679.v1

132. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

133. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

134. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

135. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

## COUNT IV
### Breach of the Magnuson-Moss Warranty Act
### 15 U.S.C. §§ 2301, *et seq.*
### (on behalf of Plaintiff and a Nationwide Class)

136. Nuna hereby incorporates its responses to paragraph 1-135 as though same were fully incorporated herein.

137. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

138. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

139. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

140. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

141. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

142. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

143. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

144. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

145. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

146. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

147. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

**COUNT V**
**Unjust Enrichment**
**(on behalf of Plaintiff and a Nationwide Class)**

148. Nuna hereby incorporates its responses to paragraph 1-147 as though same were fully incorporated herein.

149. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

150. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

151. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

152. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

153. Nuna makes no response to the allegations contained in this paragraph based on the Court's Ruling (Dkt 38) granting that part of Nuna's Motion to Dismiss.

## COUNT VI
### Negligent Misrepresentation
### (on behalf of Plaintiff and a Nationwide Class)

154. Nuna hereby incorporates its responses to paragraph 1-153 as though same were fully incorporated herein.

155. Defendant admits that the Complaint as filed by Plaintiff seeks certification of a class as set forth in the Complaint, and denies that such a class may be certified.

156. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

157. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

158. Denied.

159. Denied.

160. Denied.

## COUNT VII
### Violations of the Virginia Consumer Protection Act,
### Virginia Code § 59.1-196, *et seq.*
### (on behalf of the Virginia Subclass)

161. Nuna incorporates its responses to Plaintiff's allegations made in paragraphs 1-160 as though same were fully incorporated herein.

162. Defendant admits that the Complaint as filed by Plaintiff seeks certification of a class as set forth in the Complaint, and denies that such a class may be certified.

163. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

56538679.v1

164. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

165. Denied.

166. Denied as a conclusion of law to which no responsive pleading is required. To the extent any such allegation requires a response, it is denied.

167. Denied as a conclusion of law to which no responsive pleading is required.

## JURY TRIAL DEMANDED

Defendant Nuna demands a trial by jury on all claims so triable.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lacks Article III standing because he has not suffered a concrete, particularized, and actual injury. Any alleged defect was remedied through the recall and repair program, and Plaintiff suffered no cognizable economic loss, personal injury, or property damage.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are prudentially moot because Defendant's recall and repair program under the authority and oversight of NHTSA fully addresses the design issue underlying Plaintiffs' claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Defendant did not engage in any materially misleading or deceptive act or practice. The alleged conduct was truthful, non-misleading, disclosed to consumers,

56538679.v1

and/or concerned matters that could not have misled a reasonable consumer acting reasonably under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

The alleged statements underlying Plaintiffs' claims constitute non-actionable opinion, puffery, general statements of quality, or expressions of future intent, none of which may serve as the basis for any claim.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish that any alleged conduct by Defendant caused their purported injuries. Any alleged loss was not caused by Defendant's acts or omissions but by intervening events, consumer misuse, or other factors unrelated to Defendant's conduct

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs seek recovery for speculative, hypothetical, or non-recoverable damages. Plaintiffs received the benefit of their bargain and/or a free repair or remediation, precluding any claim for actual damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited because Defendant voluntarily initiated a recall and repair program that fully remedied the alleged defect at no cost to consumers. Defendant acted promptly and reasonably, mitigating any alleged damages and eliminating any basis for injunctive or monetary relief.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' implied warranty claims are barred because they failed to provide Defendant with timely and adequate notice of the alleged breach as required by U.C.C. § 2-607(3)(a), except to the extent excused by law.

56538679.v1

## TENTH AFFIRMATIVE DEFENSE

Defendant did not breach any implied warranty of merchantability or fitness for a particular purpose. The products were merchantable, fit for ordinary use, and performed as reasonably expected, particularly where any alleged issue was addressed through repair.

## ELEVENTH AFFIRMATIVE DEFENSE

Any implied warranties were disclaimed, limited, or modified to the extent permitted by law through written warranties, product documentation, and/or terms and conditions accompanying the product.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' implied warranty claims are barred by lack of privity to the extent required under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the economic loss doctrine because they seek recovery for purely economic losses without alleging personal injury or damage to other property.

## FOURTEENTH IGHTH AFFIRMATIVE DEFENSE

Any alleged injury or damage was caused in whole or in part by Plaintiffs' own acts or omissions, including misuse, failure to follow instructions, improper maintenance, or failure to participate in or complete the recall repair in a timely manner.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate his damages, including by failing to timely avail himself of Defendant's recall and repair program.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, are barred by applicable statutes of limitations.

56538679.v1

**SEVENTEETH AFFIRMATIVE DEFENSE**

Plaintiffs cannot satisfy the requirements of Rule 23, including numerosity, commonality, typicality, adequacy, predominance, and superiority. Individual issues—including product usage, repair history, reliance, causation, notice, and damages—predominate over any common issues.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant's conduct complied with applicable federal and state regulations and standards, including those governing product safety and recalls, constituting a complete or partial defense to Plaintiffs' claims.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, in whole or in part, are barred or limited by the doctrines of waiver, estoppel, unclean hands, and laches.

**TWENTYETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, in whole or in part, are barred or limited by Plaintiff's contributory negligence.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited for lack of consideration.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited by accord and satisfaction.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims, in whole or in part, are barred or limited because Defendant's conduct was not knowing, willful or malicious.

56538679.v1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The challenged conduct does not arise from a "consumer transaction" within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) and/or the Virginia Consumer Protection Act.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant asserts all statutory defenses available under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) and/or the Virginia Consumer Protection Act.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses as discovery proceeds.


Dated: April 16, 2026

BY: */s/ Matthew C. Wilson*

**GOLDBERG SEGALLA LLP**
Matthew C. Wilson
1700 Market Street, Suite 3232
Philadelphia, PA 19103
(267) 519-6800
mwilson@goldbergsegalla.com

David S. Osterman (*pro hac vice)*
301 Carnegie Center, Suite 200
Princeton, NJ 08540
(609) 986-1300
dosterman@goldbergsegalla.com

**CROWELL & MORING LLP**
Scott L. Winkleman (*pro hac vice*)
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2500
swinkleman@crowell.com

Valerie M. Goo (*pro hac vice*)
515 South Flower Street, 41st Floor
Los Angeles, Ca 90071
(213-622-4750
vgoo@crowell.com

56538679.v1

*Attorneys for Defendant, Nuna Baby Essentials, Inc.*

56538679.v1

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel hereby certifies that on the date below a true and correct copy of the foregoing Answer to Complaint with Affirmative Defenses was served upon all counsel of record via email.

                                                        */s/ Matthew C. Wilson*
                                                        Matthew C. Wilson, Esquire

Dated: April 16, 2026

56538679.v1